UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re:

SONNY L. SHACKLOCK,
CONSTANCE ARMAGNO,

Debtors.                                                                    Case No: 12-35395-KRH

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

NOW COMES Bank of America, N.A., a creditor herein, and objects to confirmation

of the Debtors' Chapter 13 Plan dated September 17, 2012 and filed on October 1, 2012 on the

following grounds:

1.     That the Debtors' Chapter 13 plan is not feasible because it fails to designate that

pre-petition arrearages are due Bank of America, N.A. in connection with a secured claim it

holds on the Debtors' principal residence located at 5615 Powell Grove Dr, Midlothian,

Virginia.   It is submitted that the pre-petition arrearages due Bank of America, N.A. in

connection with its secured claim are $82,822.36 and the failure of the plan to make provision

for payment of same denies adequate protection to this creditor.

Jason L. Hamlin, VSB #46931
Melissa M. Watson Goode, VSB #73516
Robyn D. Pepin, VSB #77784
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510
(757) 625-6787
Attorneys for Bank of America, N.A.

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

2.      That while the Debtors' Chapter 13 plan indicates that the Debtors intend to obtain a loan modification with Bank of America, N.A., there is no assurance that a loan modification will be agreed to by all parties and approved by the Court. Accordingly, until such time as a loan modification is entered into and approved by this Court, the Debtors' Chapter 13 plan should provide for payment of the aforesaid pre-petition arrearages.

3.      That as a result of the failure of the Debtors' Chapter 13 plan to make provision for payment of the aforesaid pre-petition arrearages as hereinabove alleged, it is submitted that the Debtors' Chapter 13 plan cannot be confirmed as a matter of law.

4.      That it is also submitted that for the foregoing reasons, the Debtors' Chapter 13 plan cannot provide that the arrearages due Bank of America, N.A. on account of its Deed of Trust indebtedness on the real property of the Debtors will be paid within a reasonable time pursuant to the provisions of 11 U.S.C. Section 1322(b)(5).

5.      That Bank of America, N.A. submits further that the Debtors' Chapter 13 plan may not be confirmed as a matter of law as it violates 11 U.S.C. Sections 1325(a)(1) and 1325(a)(3) as it conflicts with 11 U.S.C. Section 1325(a)(5).  As heretofore alleged, the violations consist of the plan failing to provide that the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim.

6.      That the Debtors' Chapter 13 plan is not confirmable as a matter of law as it fails to comply with all applicable provisions of the Bankruptcy Code pursuant to 11 U.S.C. Section 1325(a)(1) as hereinabove submitted.

WHEREFORE, Bank of America, N.A., a creditor herein, by counsel, prays that confirmation of the Debtors' Chapter 13 Plan be denied and that it be awarded its attorney's fees and costs herein incurred.

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

BANK OF AMERICA, N.A.


By /s/Melissa M. Watson Goode
Of Counsel


CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2012, a true copy of the foregoing Objection was submitted for electronic transmittal to Pia J. North, Attorney for the Debtors, and to Robert E. Hyman, Trustee, and was mailed, first class, postage prepaid, to Sonny L. Shacklock and Constance Armagno, Debtors, at 5615 Powell Grove Drive, Midlothia, VA  23112.


/s/Melissa M. Watson Goode
Jason L. Hamlin, VSB #46931
Melissa M. Watson Goode, VSB #73516
Robyn D. Pepin, VSB #77784
Glasser and Glasser, P.L.C.

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212